IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02756-GPG


ISMAEL LEE VELASCO,

      Plaintiff,

v.

INMATE HERNANDEZ, #47575-180,
MR. MALDONALDO, Officer,
Mr. M. A. STANCIL, Warden,
MR. ARMIJO, Officer, Lt.,
MR. JOHNS, Psychology,
MS. AVALOS, Officer, SIS,
FEDERAL BUREAU OF PRISONS, and
UNKNOWN FCI FLORENCE OFFICERS IN SHU,

      Defendants.

---

## ORDER TO AMEND

---

On December 18, 2015, Plaintiff Ismael Lee Velsaco filed a Prisoner Complaint

and a Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915.   The

Court granted leave to proceed pursuant to § 1915.   Plaintiff asserts jurisdiction pursuant

to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 288

(1971), and 42 U.S.C. § 15602(1).   Nothing in § 15602(1) provides for a private cause of

action.   As for Plaintiff's claims asserted pursuant to *Bivens*, Plaintiff will be directed to

amend the Complaint as follows.

Plaintiff has named the Federal Bureau of Prisons as a defendant.   Plaintiff may

not assert a *Bivens* claim for damages against the BOP.   *See Corr. Servs. Corp. v.*

*Malesko*, 534 U.S. 61, 72 (2001) (an inmate may bring a *Bivens* action against the

1

offending individual officer but not against the officer's employer).   Furthermore, to the extent Plaintiff is asserting a claim against named defendants in their official capacity, he is actually asserting a claim against the United States.   *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir.2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *accord Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).

The United States cannot be sued without its consent.   *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992), and it has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483–86 (1994) (holding that a *Bivens* action may not be brought against the United States); *see also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (recognizing that a "prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP").

Also, a *Bivens* action may lie only against individuals acting under color of *federal* law.   *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).   Plaintiff does not allege any facts indicating that Defendant Hernandez, an inmate, was acting "*under color of federal law or authority.*"   *Id.*   Therefore, this Court lacks subject matter jurisdiction to review a claim against Defendant Hernandez under *Bivens.*

Furthermore, to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492   F.3d 1158, 1163 (10th Cir. 2007).   Plaintiff also is required to assert personal participation by each named defendant in the alleged

2

constitutional violation.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

To establish personal participation, Plaintiff must show how each named defendant

caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166

(1985).   There must be an affirmative link between the alleged constitutional violation

and each defendant's participation, control or direction, or failure to supervise.   *See*

*Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her

subordinates on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).   Therefore, in order to succeed in a *Bivens* suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and

demonstrate that: "(1) the defendant promulgated, created, implemented or possessed

responsibility for the continued operation of a policy that (2) caused the complained of

constitutional harm, and (3) acted with the state of mind required to establish the alleged

constitutional deprivation."   *Id*. at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on

the basis that they denied his grievances.   The "denial of a grievance, by itself without

any connection to the violation of constitutional rights alleged by plaintiff, does not

establish personal participation under § 1983."   *Gallagher v. Shelton*, 587 F.3d 1063,

1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff shall file an Amended Complaint that complies with this Order.   It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss the Complaint in part based on the above findings and proceed with addressing the merits of only the properly asserted claims that remain.

DATED December 21, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge